UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-2 |
| | § | |
| JACQUELINE VEGA-HERNANDEZ | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND
DENYING CERTIFICATE OF APPEALABILITY**

On November 14, 2013, the Clerk received Movant Jacqueline Vega-Hernandez'
(Vega-Hernandez) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §
2255. (D.E. 29).[1] The government filed a motion for leave to file its response late and a
motion for summary judgment seeking to enforce Vega-Hernandez waiver of her right to
file the present motion. (D.E. 37, 38). Vega-Hernandez did not file a reply.

The government's motion for leave (D.E. 37) is GRANTED. For the reasons
discussed herein, Vega-Hernandez' motion to vacate (D.E. 29) is DENIED and she is
DENIED a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Vega-Hernandez and her mother were stopped at the Border Patrol Checkpoint
near Sarita, Texas, for an immigration check in October 2011 when a drug canine alerted

---

[1]  Unless otherwise noted, the Docket Entry (D.E.) references are to documents filed in the
criminal case, 2:12-CR-2-1.

to the vehicle.  (D.E. 34, pp. 20-21).  The vehicle was directed to secondary inspection and searched after Vega-Hernandez consented.  (*Id*.)  The dog indicated to the center console which appeared to have previously been removed.  Agents removed the console during inspection and found six cellophane wrapped bundles of a white powdery substance that were later determined to be cocaine.  (*Id*., p. 21).

Vega-Hernandez was given her *Miranda* rights and initially refused to provide a statement to Border Patrol agents.  (*Id*.).  When agents from Homeland Security arrived later the same day and re-*Mirandized* Vega-Hernandez, she agreed to make a statement. She admitted that she believed she was going to transport money from the United States to Mexico and the money was from illegal drug trafficking, but she did not know anything about the cocaine in the vehicle.  (*Id*., pp. 21-23).

Vega-Hernandez was arrested for possession with intent to distribute 7.52 kilograms of cocaine in Cause No. 2:11-CR-1149.  (Minute Entry October 26, 2011; 2:11-CR-1149).  She was appointed counsel at her initial appearance in federal court. (Minute Entry October 28, 2011; D.E. 3; 2:11-CR-1149).

In January 2012, a criminal information was issued for Vega-Hernandez on one count of money laundering in Cause No. 2:12-CR-2.  (D.E. 1).  Vega-Hernandez made her initial appearance on that charge in federal court the same day.  (Minute Entry, January 5, 2012).  She was appointed the same counsel as in 2:11-CR-1149, entered into a plea agreement with the government, waived her right to grand jury indictment, and entered a guilty plea.  (D.E. 4, 7, 8, D.E. 34, p. 5).  In exchange for her guilty plea, the government agreed to recommend that Vega-Hernandez receive maximum credit for

acceptance of responsibility, to recommend a sentence within the applicable guideline range, and to dismiss the drug charge in Case No. 2:11-CR-1149.  (D.E. 5, p. 2).  As part of the plea agreement, Vega-Hernandez waived her right to appeal her sentence or to file a motion to vacate, set aside or correct sentence.  (*Id.*, ¶ 7).[2]

During rearraignment, Vega-Hernandez testified that her attorney read the plea agreement to her in Spanish before she signed it and she discussed it with counsel.  (D.E. 34, p. 16).  She further testified that she understood the rights she was giving up in the waiver.  (*Id.*, pp. 17-18).  Vega-Hernandez testified that she was not threatened or forced to plead guilty, she was not promised leniency in exchange for her guilty plea, and was not promised a specific sentence.  (*Id.*, p. 13).

The Probation Department prepared a Presentence Investigation Report (PSR).  (D.E. 12).  Vega-Hernandez' base offense level of 32 was calculated based upon the

---

[2]   The waiver provision read,

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

*Id.* (emphasis in original).

quantity of cocaine seized, 6.017 kilograms (net).  (D.E. 12, ¶ 13).  Two levels were added because Vega-Hernandez was convicted of money laundering pursuant to 18 U.S.C. § 1956.  U.S.S.G. § 2S1.1(b)(2)(B).  (*Id.*, ¶ 14).  After credit for acceptance of responsibility, her total offense level was 31.  (*Id.,* ¶¶ 14-22).  Vega-Hernandez had no previous criminal history.  (*Id.*, ¶¶ 23-25).  Her guideline sentencing range was 108-135 months, with a statutory maximum sentence of 20 years.  (*Id.*, ¶¶ 37-38).

Vega-Hernandez did not file objections to the PSR.  (D.E. 35, p. 3).  At her sentencing in November 2012, she testified that counsel read the PSR to her in Spanish and she discussed it with counsel before sentencing.  (*Id.*).  Her counsel stated that there were no corrections to the PSR.  (*Id.*).  This Court sentenced Vega-Hernandez to 72 months imprisonment, after the government made a motion for downward departure. Vega-Hernandez was also sentenced to 2 years supervised release, no fine, and a special assessment of $100.  (*Id.*, p. 4).  After the Court imposed sentence, the Court reminded Vega-Hernandez that she waived her right to appeal.  (*Id.*, pp. 6-7).  Judgment was entered on November 2, 2012.  (D.E. 45).  Vega-Hernandez did not appeal, but filed her motion pursuant to 28 U.S.C. § 2255.  (D.E. 29).

### III.  MOVANT'S ALLEGATIONS

Vega-Hernandez raises a claim of ineffective assistance of counsel, claiming that counsel failed to make an adequate pretrial investigation, reasonably consult with her about the means by which her objectives were to be accomplished, keep her reasonably informed, explain the criminal information and the plea agreement to allow her to make an informed decision, and negotiate a more favorable plea agreement.  (D.E. 29, p. 4).

Vega-Hernandez also claims her sentence was enhanced based upon information she provided during debriefing in violation of the plea agreement and her sentence was illegal in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  She claims that the drug charges that were dismissed were used to enhance her sentence.  (*Id*., p. 5).  She further claims that *Alleyne* is retroactive.  (*Id*., p. 8).

The government urges the Court to enforce the waivers in Vega-Hernandez' plea agreement, and alternatively argues that her claims are without merit.  (D.E. 38, pp. 12-13).

## IV.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.    Vega-Hernandez Waived Her Right to File the Motion to Vacate

Vega-Hernandez does not challenge her waiver of the right to file the motion to vacate pursuant to 28 U.S.C. § 2255.  She does not directly claim her guilty plea was

involuntary.   Even reading her pro se complaint liberally, Vega-Hernandez only obliquely suggests that her plea might be unknowing by her allusion to counsel's alleged failure to fully explain the plea agreement and the criminal information to her which she claims affected her ability to make a fully informed decision.   (D.E. 29, p. 5).   Her motion does not state any specific portion of the criminal complaint or plea agreement that she claims she did not understand.

"As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002).   A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself.   *Wilkes,* 20 F.3d. at 343.   If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced.   *Id*. at 343–44.

The government summarized the plea agreement at rearraignment, including the waivers of Vega-Hernandez' right to appeal and to file a § 2255 motion.   (D.E. 34, pp. 15-16).[3]  The Court specifically admonished Vega-Hernandez regarding her waiver of the

---

[3]        18 Paragraph 7 of the plea agreement waives the
         19 Defendant's rights to appeal, except in limited circumstances,
         20 and those circumstances are outlined in Paragraph 7 of the plea
         21 agreement.
         22 Additionally, in Paragraph 2 of the plea agreement,
         23 the Government agrees that at the time of sentencing, the
         24 Government will move to dismiss Criminal Number C-11-1149.
         25 THE COURT: Okay, ma'am. Is that the agreement
         1 you've reached with the Government?
         2 THE DEFENDANT: Yes.
         3 THE COURT: I have a Memorandum of Plea Agreement

right to appeal, but did not specifically address her waiver of § 2255 rights as set forth in her plea agreement.  (D.E. 34, pp. 17-18).  This Court's omission of specific mention of § 2255 rights does not render the waiver ineffective.  *United States v. Narvaez*, 2011 WL 6004017 at *2–3 (5th Cir., Nov. 28, 2011) (per curiam) (designated unpublished); *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (*en banc*) (finding error during plea colloquy to be harmless); *United States v. Walkes*, 410 Fed. App'x. 800, 806 (5th Cir., Feb. 8, 2011) (per curiam) (designated unpublished) (district court's failure to admonish defendant of his right to remain silent not reversible error); *United States v. Azarte–Davalos*, 328 Fed. App'x. 921 at *1 (5th Cir., May 1, 2009) (per curiam) (designated unpublished) (district court's failure to comply with Rule 11 did not render plea involuntary or unknowing).

Vega-Hernandez testified at rearraignment that she read and discussed her plea agreement with counsel before she signed it and she understood it.  (D.E. 34, pp. 15-18). The Court questioned Vega-Hernandez regarding her waiver of appeal.  She testified that

---

4 here. It's a written document that contains what the
5 Government's attorney just read into the record. It's in
6 English. Did you have a chance to review this with your
7 attorney?
8 THE DEFENDANT: Yes.
9 THE COURT: Your attorney discussed it with you in
10 Spanish, correct?
11 THE DEFENDANT: Yes.
12 THE COURT: And you understand what it says?
13 THE DEFENDANT: Yes, I understand.

(*Id.*).

she was aware of the waiver, that she discussed the waiver with counsel and understood it. (*Id.*, p. 16).[4]

Vega-Hernandez' sworn statements in open court that she understood the plea agreement and the waiver are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Vega-Hernandez' plea agreement and her sworn statements preclude the relief she seeks here.

The burden to demonstrate that the waiver should not be enforced is on Vega-Hernandez. She has not addressed the issue and the only evidence before the Court is that her guilty plea, including the waivers, was knowing and voluntary. The waiver is enforceable and bars her claims.

---

[4]        1 THE COURT: Okay. So you understand that you have --
           2 by entering into the plea agreement, by entering a plea of
           3 guilty today, that you will have waived your right to appeal
           4 the conviction and sentence in your case?
           5 THE DEFENDANT: Yes.
           6 THE COURT: And you discussed that with your
           7 attorney?
           8 THE DEFENDANT: Yes.
           9 THE COURT: And you understand how it will affect
           10 your right to appeal?
           11 THE DEFENDANT: Yes.

(*Id.*).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   Although Vega-Hernandez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Vega-Hernandez is not entitled to a COA on any of her claims.  That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

The government's motion for leave (D.E. 37) is GRANTED.  For the foregoing reasons, Vega-Hernandez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 29) is DENIED and she is also denied a Certificate of Appealability.

ORDERED this 13th day of March, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE