UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-2-1 |
| | § | |
| JACQUELINE VEGA-HERNANDEZ | § | |

## ORDER DENYING MOTION FOR A SENTENCE REDUCTION

Before the Court is Jacqueline Vega-Hernandez' (Vega's) motion for a sentence reduction pursuant to U.S.S.G. § 5K3.1 which addresses early disposition programs. (D.E. 42). She claims there is a disparity in sentencing created because some districts use a fast track program while others do not. For the reasons stated herein, the motion is DENIED.

### BACKGROUND

Vega pled to guilty conspiracy to commit money laundering pursuant to a plea agreement. (D.E. 5, 27). She was sentenced to a below guideline sentence of 72 months imprisonment. D.E. 27.

### ANALYSIS

Vega requests that her sentence be modified pursuant to the early disposition or fast track program established by the Attorney General of the United States. She claims that the sentencing disparities between fast track and non-fast track districts should cause the Court to consider a downward departure commensurate with what she likely would have received in a fast track district.

At the time of Vega's sentencing, the fast track program was applicable in the Corpus Christi Division of the Southern District of Texas, pursuant to the memo dated January 31,

2012, by James M. Cole, Deputy Attorney General of the United States Department of Justice. The memo did not remove prosecutorial discretion to deny fast track status to particular defendants.

Furthermore, a federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582(c). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); 18 U.S.C. § 3582(c).

Vega does not fit within the exceptions provided by § 3582(c). Therefore, this Court has no authority to resentence her.

## CONCLUSION

The Court DENIES Vega's motion for a sentence reduction (D.E. 42) pursuant to U.S.S.G. § 5K3.1.

ORDERED this 25th day of July, 2014.

        _____
        NELVA GONZALES RAMOS
        UNITED STATES DISTRICT JUDGE